TALIAFERRO, Judge.
Richard E. Hallenberger, by authentic act of sale, sold and delivered to the defendant, J. C. Prunty, one used meat display case and one new vegetable case for the price of $2,500.88, on which $460.00 was paid in cash, and for the balance Prunty signed and delivered to the seller his one promissory note for $2,040.88, payable, according to its recitals, in seventeen monthly installments of $105.00 and one installment of $150.88, secured by mortgage and vendor’s lien on the described chattels. Hallenberger endorsed the note and transferred it promptly to the plaintiff, Super-Cold Southwest Company, Incorporated.
Defendant paid the first six of the installments of the note, but declined to make further payments. This suit on the note to recover the balance due thereon, $1,410.88, *666 was then filed. Recognition of the mortgage and vendor’s lien is also prayed for. The chattels, under writ of sequestration, were seized.
Defendant admits signing the note and mortgage, but denies liability for payment thereof for the reasons assigned in the answer. He pleads that the meat display case was guaranteed to be fit for the purposes for which it was purchased and to be used to maintain in a wholesome and sanitary condition fresh meats and meat products, but after many and repeated tests and trials the case did not function as was expected and guaranteed, the result being that loss from spoilage of meats has been frequent and extensive. Defendant further avers that Hallenberger, who is alleged to be the sales agent of the plaintiff, was many times informed of the inefficient performance of the case, and through competent mechanics, endeavored to remedy its vicious and defective condition, even to the extent of incorporating therein new parts, but without material improvement in the case’s service. He alleges, of course, that had he known the case was affected with the redhibitory defects and vices which very soon after its purchase developed, he would not have bought it; and that finally, said Hallen-berger ceased to pay attention to his complaints; that because of the case’s continued failure to properly function, in the respects mentioned, he was forced to remove same from his place of business and replace it with another one, of which action Hallenberger was advised by letter on June 14, 1949.
Defendant, in reconvention, sues to have the sale to him set aside because of redhibi-tory vices of the meat case, and that he have judgment for the amounts he has paid on account of the price thereof; and, in addition, for judgment for $500.00 to cover value of meats that spoiled, and for $1,000.-00 to cover loss of patronage because of the case’s lack of proper functioning.
Judgment was rendered for plaintiff, as by it prayed, from which the defendant appealed.
The defenses urged against the demand would be clearly tenable if Hallenberger had instituted the suit himself, but this is-not the case. Defendant seeks, by allegation and attempt at proof, to establish that Hallenberger, in selling him the case, was. simply acting as the sales agent of the plaintiff, who, in effect, was assisting him in-financing this and other sales of its merchandise by taking over the note or notes representing any balance due on a purchase price. Plaintiff parries by denying this defense and by pleading that it is a holder in due course and without knowledge of the defects, if any, in Hallenberger’s title to the note.
The Lower Court upheld this position,, and, incidentally, said that defendant’s recourse was against Hallenberger. If this ruling of the Court is correct, then, as a-logical result, this law suit ends, because the defenses urged by the defendant are not tenable as against the plaintiff, if the holder of the note in due course.
Hallenberger describes himself, as regards the sale of the plaintiff’s merchandise, as an independent jobber or dealer. His franchise from the plaintiff embraces nine parishes in northwest Louisiana.. When he secured an order from a customer, he would advise plaintiff to ship or transport to him, or to the customer’s place of business, the merchandise purchased by him. When the merchandise was installed, the sale of it was closed (if partly on credit) by taking a note secured by vendor’s lien and mortgage. The note, after the mortgage was recorded in the proper parish, would be transmitted to the plaintiff, who then gave Hallenberger proper credit for the proceeds or remitted same to him. It so happens that the defective meat case involved herein was not owned by plaintiff. It was owned by Hallenberger himself and had been so owned for some ten months. It had been sent to plaintiff in Dallas, Texas, for superficial reconditioning and was in its possession when Hal-lenberger sold it and the new vegetable case to defendant. Both cases were, at same time, transported from Dallas to-Bossier City, Louisiana, and installed at same time. The price of the old case was-fixed separate from that of the new' one,, the two being consolidated in the note.. *667 Certainly, as to the old case, in selling it to the defendant, Hallenberger was acting solely for himself and in no wise as the agent or representative of the plaintiff.
It is shown that no representative of the plaintiff had any part in consummating the sale to the defendant. Hallenberger alone attended to this. He fixed the price and terms of the sale, had the mortgage registered and then forwarded to the plaintiff a copy thereof and the note for re-discount. It is not shown that plaintiff had any real interest in the transaction save to receive from Hallenberger the price to him of the new case. It was not obligated, so far as the record discloses, to acquire and pay for the note, especially that part of it that represented the price of the old case.
The record is barren of any testimony that in the least militates against the presumption that plaintiff is a holder in due course and without knowledge of any fact that would impair its right to proceed on the note as it has done.
For the reasons herein assigned, the judgment from which appealed, is affirmed with costs.